IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| A.V., by and through his parents and next friends B.V. and C.V., | |
| *Plaintiffs*, | |
| v. | Civil No.: 1:24-cv-02543-JRR |
| **CARROLL COUNTY BOARD OF EDUCATION**, *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Leave to Supplement the Administrative Record. (ECF No. 33, the "Motion".) The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion shall be denied.

Plaintiffs bring this action as aggrieved parties from an adverse decision issued by an Administrative Law Judge ("ALJ") of the Maryland Office of Administrative Hearings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). (ECF No. 1.) After a period of discovery, the parties filed cross-motions for summary judgment. (ECF Nos. 26, 30.) Plaintiffs then filed the instant Motion, which Defendants oppose (ECF No. 34).

In the Motion, Plaintiffs seek leave to file a recording and transcript of an Individualized Education Program ("IEP") meeting held on August 22, 2023. Both parties—Carrol County Public Schools ("CCPS") and Plaintiffs—recorded the meeting. Plaintiffs seeks to supplement the administrative record with this recording and transcript in view of the ALJ's reliance on testimony by Kristin Hoffman during the administrative hearing that, Plaintiffs' aver, mischaracterized A.V.'s parents' statements during the IEP meeting. Ms. Hoffman testified that A.V.'s Mother stated "Fusion was the only appropriate placement" when, in fact, she made no such statement.

1

The ALJ concluded that CCPS violated the procedural requirements of the IDEA but that such violation did not deny A.V. a Free Appropriate Public Education "because, based largely on Ms. Hoffman's inaccurate testimony, he concluded that Parents would not have agreed to any of the placements offered by CCPS." (ECF No. 33-1 at p. 3). Plaintiffs argue that the transcript reflects A.V.'s parents did not "state that they were unwilling to consider any placement but Fusion, as Ms. Hoffman had testified." *Id*. Thus, Plaintiffs submit, this court should grant the Motion in the interest of justice and equity, and because CCPS will suffer no prejudice from its admission, as CCPS was present in the meeting and made its own recording of same. Defendants do not appear to dispute that Ms. Hoffman's testimony inaccurately characterized A.V.'s mother's statement during the IEP meeting. Defendants, however, argue that that hearing recording and transcript are impermissible forms of supplemental evidence for the IDEA matter before this court.

The IDEA provides parties aggrieved by the findings and decision made by an ALJ the right to bring a civil action in any state or federal court of competent jurisdiction. 20 U.S.C. § 1415(i)(2)(A). In such a civil action, the court "shall receive the records of the administrative proceedings" and "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415 (i)(2)(C)(i), (ii). The Fourth Circuit has, however, circumscribed the additional evidence district courts may consider in IDEA actions.

In *Springer v. Fairfax County School Board*, the Fourth Circuit explained that the "IDEA left the primary responsibility for teaching children and formulating educational policy with state and local education authorities." 134 F.3d 659, 666 (4th Cir. 1998) (citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 208 (1982)). In view of the IDEA's allocation of responsibility to state and local authorities, the Fourth Circuit adopted the First Circuit's "strict approach" limiting the new evidence that parties may present to federal

2

district courts on appeal of ALJ decisions. *Id*. (citing *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985)).  Such approach, as explained by the First Circuit, is as follows:

> We construe "additional" in the ordinary sense of the word ... to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires.

*Burlington*, 736 F.2d at 790.  The Fourth Circuit added further:

> A lax interpretation of "additional evidence" would "reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo." *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 997 (1st Cir. 1990), *cert. denied*, 499 U.S. 912, 111 S.Ct. 1122, 113 L.Ed.2d 230 (1991). Therefore the exclusion of "testimony from all who did, or could have, testified before the administrative hearing" would be "an appropriate limit in many cases." *Burlington*, 736 F.2d at 790. We, along with other circuits, adopt the *Burlington* approach. *See, e.g., Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir.1996); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472–73 (9th Cir.1993), *cert. denied*, 513 U.S. 825, 115 S.Ct. 90, 130 L.Ed.2d 41 (1994).

*Springer*, 134 F.3d at 667.

Here, Ms. Hoffman testified during the administrative hearing.  Both parties called her, and, at the conclusion of her testimony, Plaintiffs' counsel confirmed she could be excused.  The administrative hearing occurred after the IEP meeting.  Plaintiffs, however, did not raise the inconsistency between Ms. Hoffman's testimony and Plaintiffs' statements during the IEP meeting to the ALJ.

Plaintiffs seek to distinguish *Springer* and *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470 (4th Cir. 2009), on the grounds that both cases concerned introduction of evidence that did not

exist at the time of the administrative hearing, whereas Plaintiffs' Motion concerns a recording that Defendants had in their possession well before the administrative hearing. But Plaintiffs cite no authority to persuade the court of the significance of this distinction; and ignore the clear line drawn by *Springer* regarding exclusion of supplemental testimony from those who did testify, or could have testified, during the administrative hearing. *Springer*, 134 F.3d at 667.

Plaintiffs urge that Defendants will suffer no prejudice if the court supplements the record as requested and that doing so serves the interest of justice. Here, again, Plaintiffs cite no authority to support the court's balancing or consideration of prejudice and principles of equity in evaluating their request. The court is mindful of the Fourth Circuit's instruction that "[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case. Whether this lengthy process would serve students is doubtful at best." *Id*.

Accordingly, for the reasons set forth above, it is this 14th day of July 2025,

**ORDERED** that the Motion (ECF No. 33) shall be, and is hereby, **DENIED**.

/S/

_____

Julie R. Rubin
United States District Judge